UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SIMS AFRICA, | : | **CIVIL NO. 1:10-CV-01838** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| LT. DUKES, JULIE KERKER, | : | |
| C.J. MCKEOWN, OFFICER TEASDALE, | : | |
| and OFFICER NOEL, | : | |
| | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

The prisoner plaintiff claims that he was attacked and injured by another prisoner.  He claims that the defendants violated the Eighth Amendment by failing to protect him from that prisoner.  Because the amended complaint alleges facts from which one can reasonably infer that defendant Dukes was deliberately indifferent to a substantial risk of serious harm to the plaintiff but failed to take reasonable measures to protect the plaintiff, the amended complaint states an Eighth Amendment claim upon which relief can be granted against defendant Dukes.  But, because the amended complaint does not allege that the other defendants knew of the other prisoner's violent tendencies and

violent past, the amended complaint does not allege facts from which one can reasonably infer that the other defendants were deliberately indifferent to a substantial risk of serious harm to the plaintiff.  So, the amended complaint fails to state an Eighth Amendment claim upon which relief can be granted against the other defendants.  The amended complaint also fails to state due process and conspiracy claims upon which relief can be granted.  Thus, we recommend that the defendants' motion to dismiss the amended complaint be granted except with respect to the Eighth Amendment claim against defendant Dukes.

I.  Background and Procedural History.

The plaintiff is a state prisoner proceeding *pro se*.  He began this action by filing a complaint.  He later filed an amended complaint.

The amended complaint names the following officers and officials at the State Correctional Institution at Retreat as defendants: Lieutenant Dukes, Unit Manager Julie Kerker, Hearing

Examiner C.J. McKeown, Officer Teasdale, and Officer Noel.  The
plaintiff alleges the following facts in his amended complaint.

The plaintiff was placed in a single cell on B-Block.
Shortly thereafter, defendant Kerker ordered him into another
cell.  But he refused that order because he feared for his
safety.  As a result of refusing the order, he was placed in the
Restricted Housing Unit.

The plaintiff was in the Restricted Housing Unit from May
21, 2010 to June 13, 2010.  During that time, defendant Dukes
constantly harassed and threatened him.  Defendant Dukes also
used racially derogatory words in speaking to the plaintiff.

On June 3, 2010, defendant Dukes ordered officers to put
inmate George Tiddle in the plaintiff's cell.  Tiddle is unstable
and prone to sudden fits of violence, takes psychotropic
medication, and has violently attacked other prisoners for no
reason.  Tiddle had several weeks earlier attempted to attack an
inmate who was being put in a cell with him.  Defendant Dukes was
aware of all of this.

3

The plaintiff and Tiddle pleaded with defendant Dukes to separate them.  Defendant Dukes ignored their pleas because of his hatred for the plaintiff and because of his intent to hurt the plaintiff.  Tiddle filed a grievance in which he stated that he and the plaintiff were not getting along and in which he strongly urged that he be removed from the plaintiff's presence. Defendant Dukes ignored that grievance as well.

A few days later, defendants Teasdale and Noel escorted the plaintiff and Tiddle from the showers back to their cell. Defendant Dukes ordered defendants Teasdale and Noel to put the plaintiff back in his cell still handcuffed even though Tiddle's handcuffs had already been removed.  Tiddle attacked the plaintiff injuring the plaintiff's toe, shoulder, and left eye. Defendants Noel and Teasdale eventually intervened to stop Tiddle's attack on the plaintiff.

While waiting for a nurse to attend to his injuries, the plaintiff overheard defendants Noel, Teasdale, and Dukes discussing ways to write the plaintiff up to account for how

4

Tiddle attacked him while he was still handcuffed. Later, defendant Noel issued a misconduct report charging the plaintiff with fighting. But defendant Noel failed to include in the misconduct report that the plaintiff was handcuffed at the time and that Tiddle had attacked other inmates. The defendants attempted to conceal and to cover up their actions.

Defendant McKeown conducted a disciplinary hearing on the misconduct report issued to the plaintiff. He acknowledged that the report omitted that the plaintiff had been handcuffed at the time. Still, he found the plaintiff guilty. He did so even though he knew that the plaintiff was defenseless.

The plaintiff alleges that all of the defendants knew or should have known of the above facts. He also alleges that defendants Dukes, Teasdale, and Noel acted with deliberate indifference. He claims that the defendants failed to protect him.

The plaintiff seeks compensatory and punitive damages. He also seeks an order requiring defendant Dukes to undergo racial sensitivity training or counseling.

## II.  Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v.*

*Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  Instead, "[a] complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,*

7

129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011).  Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We construe the amended complaint as attempting to state Eighth Amendment failure-to-protect claims, due process claims, and conspiracy claims.[1]

A. Eighth Amendment Failure-to-Protect Claims.

The plaintiff claims that the defendants violated the Eighth Amendment by failing to protect him from Tiddle.

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825,

---

1. The defendants construe the amended complaint as also attempting to state a claim based on defendant Dukes' alleged verbal abuse of the plaintiff.  But in his brief, the plaintiff disclaims any attempt to state a separate claim based upon the verbal abuse and use of racial epithets.  Rather, he asserts that the fact of defendant Dukes' verbal abuse and use of racial epithets is relevant to his other claims against defendant Dukes because it is relevant to defendant Dukes' state of mind.  We agree that such abuse is relevant to the Eighth Amendment failure-to-protect claim against defendant Dukes.

833 (1994).  Prison officials and employees may be liable for
failing to protect an inmate from the use of excessive force if
they are deliberately indifferent to a substantial risk of
serious harm to the inmate. *Id*. at 834.  To plead an Eighth
Amendment failure-to-protect claim, a plaintiff must plead facts
raising a reasonable inference of (1) a substantial risk of
serious harm; (2) the defendants' deliberate indifference to that
risk; and (3) causation. *See Hamilton v. Leavy,* 117 F.3d 742, 747
(3d Cir. 1997).

The amended complaint states an Eighth Amendment claim
upon which relief can be granted against defendant Dukes.  But it
fails to state Eighth Amendment claims upon which can be granted
against any of the other defendants.

1. Defendant Dukes.

The plaintiff has alleged facts from which one can
reasonably infer that defendant Dukes was deliberately
indifferent to a substantial risk of serious harm to the

10

plaintiff and that as result the plaintiff was injured.  He
alleges that in the days prior to the attack defendant Dukes
constantly harassed and threatened him and that defendant Dukes
used racial epithets in speaking to him.  He alleges that Tiddle
was violent and had a history of violence.  He alleges that
defendant Dukes was aware of that and of Tiddle's prior attack on
another prisoner.  He alleges that defendant Dukes nevertheless
assigned Tiddle to his cell and refused to separate the two
inmates even after they pleaded with him to do so.  The plaintiff
alleges that defendant Dukes did so because of his hatred for him
and because of his intent to hurt him.  He also alleges that, on
the day of the attack, defendant Dukes ordered defendants
Teasdale and Noel to place him in the cell handcuffed while
Tiddle was not handcuffed and that as a result Tiddle attacked
him.  From these facts, one can reasonably infer that defendant
Dukes was deliberately indifferent to a substantial risk of
serious harm to the plaintiff and that as result the plaintiff
was injured.

        Defendant Dukes contends that a prison is teeming with
violent individuals.  So, he contends, even if he knew that

11

Tiddle had engaged in violent behavior in the past, it does not necessarily follow that he was aware of and consciously disregarded a substantial risk of serious harm to the plaintiff. We agree that the plaintiff has not pleaded facts from which it must necessarily be inferred that defendant Dukes disregarded a substantial risk of serious harm to the plaintiff.  But the plaintiff is not required to plead facts which necessarily lead to such an inference.  Instead, the plaintiff need only plead a claim that is plausible on its face.  He need only plead facts which raise a reasonable inference that defendant Dukes was deliberately indifferent to a substantial risk of serious harm to him and that as result he was injured.  This he has done.

Defendant Dukes also contends that as a practical matter only one inmate can be uncuffed at time.  So, he contends, his alleged order to put the plaintiff in the cell with his handcuffs still on while Tiddle's handcuffs had already been taken off does not lead to an inference of deliberate indifference.  Again, the allegations do not necessarily lead to an inference of deliberate indifference.  Yet, given the allegation that defendant Dukes was aware of Tiddle's violent tendencies, it is a reasonable

12

inference that defendant Dukes was deliberately indifferent to a substantial risk of serious harm to the plaintiff by not ordering that the plaintiff be uncuffed before Tiddle.

Defendant Dukes further contends that the amended complaint fails to demonstrate that the plaintiff was any more likely than any other inmate to be the target of physical assault.  That, however, is immaterial.  It does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer, supra,* 511 U.S. at 843.

The amended complaint states an Eighth Amendment claim upon which relief can be granted against defendant Dukes.


2. Defendant Kerker.

The amended complaint fails to plead facts which could lead to a reasonable inference that defendant Kerker was deliberately indifferent to a substantial risk of serious harm to

13

the plaintiff.  And the plaintiff concedes that he cannot maintain a claim against defendant Kerker.  Thus, we will recommend that the Eighth Amendment claim against defendant Kerker be dismissed.

3. Defendant McKeown.

The amended complaint also fails to plead facts which could lead to a reasonable inference that defendant McKeown was deliberately indifferent to a substantial risk of serious harm to the plaintiff.  Defendant McKeown did not become involved until after the attack had occurred and the plaintiff had been issued a misconduct.  The amended complaint does not contain any allegations that prior to the attack defendant McKeown was aware of Tiddle's violent tendencies or that he had any involvement in placing the plaintiff in the cell with Tiddle.  Without such knowledge and personal involvement, defendant McKeown cannot be seen to have been deliberately indifferent to a substantial risk of serious harm to the plaintiff.  Thus, the amended complaint fails to state an Eighth Amendment claim upon which relief can be

14

granted against defendant McKeown, and we will recommend that the
Eighth Amendment claim against defendant McKeown be dismissed.


        4.   Defendants Teasdale and Noel.


        The amended complaint also fails to plead facts which
could lead to a reasonable inference that defendants Teasdale and
Noel were deliberately indifferent to a substantial risk of
serious harm to the plaintiff.  The plaintiff alleges that Tiddle
was violent and had a history or violence.  He alleges that
defendant Dukes was aware of those facts prior to the attack.
But he does not allege that defendants Teasdale and Noel were
aware of those facts prior to the attack.  Rather, the plaintiff
alleges that all of the defendants were aware of those facts or
should have been aware of them.  From this allegation it is not
reasonable to infer that defendants Teasdale and Noel were aware
of Tiddle's violent tendencies prior to the attack.  Without such
knowledge, defendants Teasdale and Noel cannot reasonably be seen
to have been deliberately indifferent to a substantial risk of
serious harm to the plaintiff. *Farmer, supra,* 511 U.S. at 847

(adopting a subjective test for deliberate indifference and holding that a prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it").  Thus, the amended complaint fails to state an Eighth Amendment claim upon which relief can be granted against defendants Teasdale and Noel, and we will recommend that the Eighth Amendment claims against those defendants be dismissed.

         B. Due Process Claims.

    The plaintiff alleges that he overheard defendants Noel, Teasdale, and Dukes discussing ways to write the plaintiff up to account for how Tiddle attacked him while he was still handcuffed.  Later, defendant Noel issued a misconduct report charging the plaintiff with fighting.  But defendant Noel failed to include in the misconduct report that the plaintiff was handcuffed at the time and that Tiddle had attacked other inmates.  He also alleges that, although defendant McKeown

16

acknowledged that the misconduct report failed to state that the plaintiff had been handcuffed at the time of the attack and defendant McKeown knew that the plaintiff was defenseless, he still found the plaintiff guilty.

To the extent that the plaintiff is attempting to state due process claims based on the issuance of the misconduct report and defendant McKeown finding him guilty of misconduct, the amended complaint fails to state a claim upon which relief can be granted.  Based on substantially the same allegations in the complaint, we concluded that the complaint failed to state a due process claim upon which relief can be granted.  So we recommended that the due process claims in the complaint be dismissed, and Judge Rambo adopted that recommendation.  The amended complaint fails to state a due process claim upon which relief can be granted for the same reasons that the complaint had failed to state such a claim.  Those reasons are as follows.

The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law."  A due process claim requires a two-part

analysis.  First, the court must determine whether the interest

asserted by the plaintiff is within the scope of protection of

life, liberty, or property found in the Due Process Clause.

*Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).  Second, if the

interest is one that is protected by the Due Process Clause, "the

question then becomes what process is due to protect it." *Id.*

In *Sandin v. Conner*, 515 U.S. 472 (1995), the United

States Supreme Court addressed the question of when state prison

regulations can create liberty interests protected by the Due

Process Clause.  The Court held that they may do so only in

limited circumstances:

> States may under certain circumstances create
> liberty interests which are protected by the Due
> Process Clause.  But these interests will be
> generally limited to freedom from restraint
> which, while not exceeding the sentence in such
> an unexpected manner as to give rise to
> protection by the Due Process Clause of its own
> force, nonetheless imposes atypical and
> significant hardship on the inmate in relation to
> the ordinary incidents of prison life.

*Id*. at 483-84.

In *Sandin*, the inmate was sentenced to thirty days of

disciplinary confinement in the Special Holding Unit.  As a

18

result of the prisoner's disciplinary segregation he "had to

spend his entire time alone in his cell (with the exception of 50

minutes each day on average for brief exercise and shower

periods, during which he nonetheless remained isolated from other

inmates and was constrained by leg irons and waist chains)." *Id*.

at 494 (Breyer, J. dissenting).  The Court concluded that

placement in the Special Holding Unit for thirty days did not

impose the type of atypical and significant deprivation necessary

for a state-created liberty interest. *Id.* at 486.  The Court

noted that disciplinary confinement at the prison in question,

with only insignificant exceptions, mirrored conditions imposed

on inmates in administrative and protective custody; that based

on a comparison of inmates inside of and outside of disciplinary

segregation, placement in segregation for thirty days did not

work a major disruption in his environment; that disciplinary

action did not inevitably affect the duration of the inmate's

sentence; and that the "regime to which he was subjected was

within the range of confinement to be normally expected for one

serving an indeterminate term of 30 years to life." *Id*. at 486-

87.

"After *Sandin,* it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005)(quoting *Sandin, supra,* 515 U.S. at 484).  In deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn,* 318 F.3d 523, 532 (3d Cir. 2003). Whether or not a protected liberty interest exists under *Sandin* requires inquiry into the specific facts of the case. *Id.* at 533.

The plaintiff has not alleged facts from which it can reasonably be inferred that he was subjected to atypical and significant hardships in relation to the ordinary incidents of prison life such that he had a liberty interest protected by the Due Process Clause.  He has not alleged the nature of the disciplinary sanctions imposed by defendant McKeown.  Nor has he alleged under what conditions he was housed after defendant

McKeown found him guilty of the misconduct.  Thus, he has not

alleged facts from which one could reasonably infer that he had a

liberty interest protected by the Due Process Clause.

Accordingly, the amended complaint fails to state a due process

claim upon which relief can be granted against defendant McKeown.


     The plaintiff does not allege that he was denied a

hearing or the opportunity to confront and challenge the

misconduct report.  Thus, the amended complaint also fails to

state a due process claim upon which relief can be granted

against defendants Noel, Teasdale, and Dukes based on the alleged

fabricated misconduct report. *See Smith v. Mensinger,* 293 F.3d

641, 654 (3d Cir. 2002)(holding that the opportunity to confront

the alleged perjured testimony offered in support of a misconduct

report is all that the prisoner is entitled to).


     C. Conspiracy Claims.


     "The essence of a conspiracy is an agreement." *United

States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989).  To state a

conspiracy claim under 42 U.S.C. § 1983 upon which relief can be granted, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Rather, the plaintiff must allege facts from which one can reasonably infer that the defendants reached an agreement to deprive him of a constitutional right under color of law. *Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir. 1993), *overruled on other grounds, U.A. Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003).

The plaintiff has not alleged facts leading to a reasonable inference that the defendants conspired prior to Tiddle's attack.  Instead, the plaintiff's allegations regarding a conspiracy focus on the defendants' alleged attempt to conceal and cover up their actions after the attack.  He alleges that he overheard defendants Noel, Teasdale, and Dukes discussing ways to write the plaintiff up to account for how Tiddle attacked him

while he was still handcuffed.  But, as set forth above, the
issuance of the misconduct was not a due process violation.
Thus, even if defendants Noel, Teasdale, and Dukes conspired with
regard to the issuance of the misconduct report, they did not
conspire to violate the plaintiff's constitutional rights.
Accordingly, the amended complaint fails to state a conspiracy
claim upon which relief can be granted.


         D. Leave to Amend.


     "[I]f a complaint is subject to a Rule 12(b)(6)
dismissal, a district court must permit a curative amendment
unless such an amendment would be inequitable or futile."
*Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir.
2008).  The court "must provide the plaintiff with this
opportunity even if the plaintiff does not seek leave to amend."
*Id.*  In this case, the plaintiff was already granted leave to
amend and he filed an amended complaint.  Further leave to amend
would be futile.

23

IV. Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 31) to dismiss the amended complaint be granted in part and denied in part.  It is recommended that all claims in the amended complaint be dismissed except the Eighth Amendment failure-to-protect claim against defendant Dukes.  It is also recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: August 1, 2011.