```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES SIMS AFRICA,          :   CIVIL NO. 1:10-CV-01838
                              :
          Plaintiff           :   (Judge Rambo)
                              :
     v.                       :   (Magistrate Judge Smyser)
                              :
LT. DUKES,                    :
                              :
          Defendant           :
```

## REPORT AND RECOMMENDATION

There is only one remaining defendant and one remaining claim in this case. Because the prisoner plaintiff failed to exhaust available administrative remedies as to the remaining claim, we recommend that the defendant's motion for summary judgment be granted.

I.  Background and Procedural History.

The plaintiff is a state prisoner proceeding *pro se*.  He began this action by filing a complaint.  He later filed an amended complaint.

The court has dismissed all of the claims except the Eighth Amendment failure-to-protect claim against defendant Dukes.  The plaintiff alleges the following facts in his amended complaint regarding that claim.

The plaintiff was placed in a single cell on B-Block.  Shortly thereafter, an officer ordered him into another cell.  But he refused that order because he feared for his safety.  As a result of refusing the order, he was placed in the Restricted Housing Unit.

The plaintiff was in the Restricted Housing Unit from May 21, 2010 to June 13, 2010.  During that time, defendant Dukes

constantly harassed and threatened him. Defendant Dukes also used racially derogatory words in speaking to the plaintiff.

On June 3, 2010, defendant Dukes ordered officers to put inmate George Tiddle in the plaintiff's cell. Tiddle is unstable and prone to sudden fits of violence, takes psychotropic medication, and has violently attacked other prisoners for no reason. Tiddle had several weeks earlier attempted to attack an inmate who was being put in a cell with him. Defendant Dukes was aware of all of this.

The plaintiff and Tiddle pleaded with defendant Dukes to separate them, but, because of his hatred for the plaintiff and because of his intent to hurt the plaintiff, defendant Dukes ignored their pleas. Tiddle filed a grievance in which he stated that he and the plaintiff were not getting along and in which he strongly urged that he be removed from the plaintiff's presence. Defendant Dukes ignored that grievance as well.

A few days later, officers escorted the plaintiff and Tiddle from the showers back to their cell. Defendant Dukes

ordered the officers to put the plaintiff back in his cell still handcuffed even though Tiddle's handcuffs had already been removed.  Tiddle attacked the plaintiff injuring the plaintiff's toe, shoulder, and left eye.

In the amended complaint, the plaintiff seeks compensatory and punitive damages in addition to an order requiring defendant Dukes to undergo racial sensitivity training or counseling.

In this Report and Recommendation, we address the motion for summary judgment filed by defendant Dukes.

II.  Discussion.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi*

4

*Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

The defendant contends that he is entitled to summary judgment because the plaintiff has failed to exhaust available administrative remedies.

> 42 U.S.C. § 1997e(a), provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In accordance with § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative

5

process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000).

The Pennsylvania Department of Corrections has implemented an official Inmate Grievance System.  The grievance system is governed by Administrative Directive 804 (DC-ADM 804). DC-ADM 804 sets forth a three-tier administrative remedy system. Pursuant to DC-ADM 804, an inmate is required to present his grievance to the Facility Grievance Coordinator for initial review within fifteen days after the events upon which the grievance is based.  The inmate is required to appeal an adverse determination by the Facility Grievance Coordinator to the Facility Manager.  From there the inmate must appeal to the Secretary's Office of Inmate Grievances and Appeals.

The defendant asserts that the plaintiff has failed to exhaust available administrative remedies.  He has presented evidence that the plaintiff did not file a grievance relating to the claim in this case.  The plaintiff does not dispute that he has not filed a grievance.  Rather, he asserts that there are genuine issues of facts concerning his underlying failure-to

6

protect claim. But that has nothing to do with the basis of the defendant's motion for summary judgment and provides no basis to deny a motion for summary judgment based on failure to exhaust administrative remedies.

The plaintiff also asserts that the defendant should not be granted summary judgment based on a procedural technicality such as a failure to exhaust administrative remedies and that failure to exhaust administrative remedies is not an issue that is appropriately raised in the context of a summary judgment motion.

A failure of a plaintiff to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendant. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). The defendant raised the defense in his answer. The defendant is entitled to summary judgment if the material fact that the plaintiff did not exhaust is not in genuine dispute. There is no genuine factual dispute that the plaintiff failed to

7

exhaust available administrative remedies.  Thus, the defendant is entitled to summary judgment as to this issue.  The failure to exhaust is, furthermore, case dispositive.

III.  Recommendations.

Based on the foregoing, it is recommended that the defendant's motion (doc. 46) for summary judgment be granted and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: February 8, 2012.