IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES SIMS AFRICA,** | : | **CIVIL NO. 1:10-1838** |
| **Plaintiff** | : | |
| | : | **Judge Rambo** |
| **v.** | : | |
| | : | **Magistrate Judge Smyser** |
| **LT. DUKES,** | : | |
| **Defendant** | : | |

# M E M O R A N D U M

## I.      Background

Before the court is a February 8, 2012, report of the magistrate judge
(Doc. 62) to whom this matter is referred in which addresses the only remaining
claim in the captioned action – an Eighth Amendment failure to protect claim against
Defendant Dukes.  Dukes filed a motion for summary judgment.  The report of the
magistrate judge recommends that the motion for summary judgment be granted on
the basis that Plaintiff failed to exhaust available administrative remedies.  Plaintiff
has filed objections to the report and recommendation, and claims that (1) there is an
exception to the DOC policy of exhaustion; and (2) the PLRA unfairly imposes an
unreasonable burden on a pro se litigant.  Dukes has filed a response to Plaintiff's
objections and the matter is ripe for disposition.

## II.      Discussion

Exhaustion of all available administrative remedies is a mandatory
prerequisite to filing prison conditions litigation in a federal court.  42 U.S.C.
§ 1997e(a); *Woodford v. Ngo*, 548 US 81, 85 (2006).  (Def.'s Response to Pltf.'s
Objs., Doc. 72, at p. 4.)  Defendant's summary judgment motion is premised on

Plaintiff's failure to exhaust his administrative remedies through DC-ADM 804. Plaintiff, however, claims there is an exception to DC-ADM 804. At section 1, paragraph 7 of that policy, appears the following:

> A grievance **directly related to a specific inmate misconduct charge or a specific disciplinary sanction and/or reasons for placement in administrative custody** will not be addressed through the inmate Grievance process and must be addressed through department policy **DC-ADM 801, "Inmate Discipline" and/or DC-ADM 802, "Administrative Custody Procedures."**

(Emphasis in original.) Defendant notes that this version did not go into effect until December 28, 2011 and is not applicable to Plaintiff's situation. The version of DC-ADM 804 that applies to Plaintiff is a June, 2010 version. (*See* Doc. 49, Ex. B, ¶ 3.) As Defendant notes, Plaintiff did not raise this issue in his briefs in opposition to Defendant's motion for summary judgment nor in his statement of material facts. (Doc. 72 n.2.)

The grievance here does not involve a specific inmate misconduct or disciplinary sanction or placement in administrative custody. Therefore, DC-ADM 801 is not the proper method for challenging constitutional violations unrelated to misconduct proceedings. *See Mayfield v. SCI Cresson*, 2011 U.S. Dist. LEXIS 89285 (M.D. Pa., Aug. 11, 2011).

Plaintiff's argument about the unfairness of the exhaustion requirement under the PLRA is a claim of ignorance of that provision in the PLRA. Ignorance of the law, however, is no excuse.

**III.**     <u>**Conclusion**</u>

The court will adopt the report and recommendation of Magistrate Judge Smyser.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  April 17, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES SIMS AFRICA,** | : | **CIVIL NO. 1:10-1838** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Judge Rambo** |
| | : | |
| **LT. DUKES,** | : | **Magistrate Judge Smyser** |
| | : | |
| **Defendant** | : | |

# O R D E R

For the reasons set forth in accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser (Doc. 62).

2) Defendant Duke's motion for summary judgment is **GRANTED**.

3) The Clerk of Court shall enter judgment in favor of Defendant Duke and against Plaintiff and close the file.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

s/Sylvia H. Rambo
United States District Judge

Dated:  April 17, 2012.